# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF TEXAS

| | | |
|---|---|---|
| DEBORAH ANN COLLINS, individually and on behalf of all others similarly situated, | : : : : : | CIVIL ACTION FILE NO. |
| | : | 4:25-cv-88 |
| Plaintiff, | : : | |
| | : | **COMPLAINT – CLASS ACTION** |
| v. | : : | |
| FALAYA, LLC | : | **JURY TRIAL DEMANDED** |
| | : | |
| Defendant. | : | |

Plaintiff Deborah Ann Collins (hereinafter referred to as "Plaintiff"), individually and on behalf of all others similarly situated, alleges on personal knowledge, investigation of her counsel, and on information and belief, as follows:

## NATURE OF ACTION

1.      "The law opted for a consumer-driven process that would allow objecting individuals to prevent unwanted calls to their homes. The result of the telemarketing regulations was the national Do-Not-Call registry. *See* 47 C.F.R. § 64.1200(c)(2). Within the federal government's web of indecipherable acronyms and byzantine programs, the Do-Not-Call registry stands out as a model of clarity. It means what it says. If a person wishes to no longer receive telephone solicitations, he can add his number to the list. The TCPA then restricts the telephone solicitations that can be made to that number. *See id.*; 16 C.F.R. § 310.4(b)(iii)(B) ('It is an abusive telemarketing act or practice and a violation of this Rule for a telemarketer to . . . initiat[e] any outbound telephone call to a person when . . . [t]hat person's telephone number is on the "do-not-call" registry, maintained by the Commission.'). . . . Private suits can seek either monetary or

injunctive relief. *Id*. . . . This private cause of action is a straightforward provision designed to achieve a straightforward result. Congress enacted the law to protect against invasions of privacy that were harming people. The law empowers each person to protect his own personal rights. Violations of the law are clear, as is the remedy. Put simply, the TCPA affords relief to those persons who, despite efforts to avoid it, have suffered an intrusion upon their domestic peace." *Krakauer v. Dish Network, L.L.C.*, 925 F.3d 643, 649-50 (4th Cir. 2019).

2.      This case involves a campaign by Falaya, LLC ("Falaya") to market its services through the use of telemarketing calls in violation of the Telephone Consumer Protection Act, 47 U.S.C. § 227 *et seq*. (hereinafter referred to as the "TCPA") by contacting numbers that were on the National Do Not Call Registry.

3.      The recipients of Falaya's illegal calls, which include Plaintiff and the proposed classes, are entitled to damages under the TCPA, and because the technology used by Falaya makes calls *en masse*, the appropriate vehicle for their recovery is a class action lawsuit.

## PARTIES

4.      Plaintiff is an individual.

5.      Defendant Falaya, LLC is a limited liability company which is licensed to be a real estate broker in Texas.

## JURISDICTION AND VENUE

6.      This Court has federal question jurisdiction over the TCPA claim pursuant to 28 U.S.C. § 1331.

7.      This Court has specific personal jurisdiction over Falaya because the company is based in this District.

8.      Venue is proper pursuant to 28 U.S.C. § 1391(b) because Falaya directed the calls at issue regarding property in this District.

## TCPA BACKGROUND

The TCPA Prohibits Telemarketing Calls to Numbers on the National Do Not Call Registry

9.      In 1991, Congress enacted the TCPA in response to a growing number of consumer complaints regarding certain telemarketing practices.

10.      § 227(c) of the TCPA requires the FCC to "initiate a rulemaking proceeding concerning the need to protect residential telephone subscribers' privacy rights to avoid receiving telephone solicitations to which they object." 47 U.S.C. § 227(c)(1).

11.      The National Do Not Call Registry allows consumers to register their telephone numbers and thereby indicate their desire not to receive telephone solicitations at those numbers. *See* 47 C.F.R. § 64.1200(c)(2).

12.      A listing on the Registry "must be honored indefinitely, or until the registration is cancelled by the consumer or the telephone number is removed by the database administrator." *Id*.

13.      The TCPA and implementing regulations prohibit the initiation of telephone solicitations to residential telephone subscribers to the Registry and provides a private right of action against any entity that makes those calls, or "on whose behalf" such calls are made.  47 U.S.C. § 227(c)(5); 47 C.F.R. § 64.1200(c)(2).

The Florida Telephone Solicitations Act

## FACTUAL ALLEGATIONS

14.     Defendant Falaya is a "person" as the term is defined by 47 U.S.C. § 153(39).

15.     Falaya offers products and services, for a fee, to help a consumer list their home.

16.     Falaya relies on telemarketing calls to generate new customers.

17.     Plaintiff's residential cellular telephone number is (303)-XXX-XXXX, is on the National Do Not Call Registry, and has been since 2004.

18.     Ms. Collins uses the number for personal, residential, and household reasons.

19.     The number is a residential telephone line because it is assigned to a cellular telephone exchange service for consumers and is not assigned to a telephone exchange service for businesses.

20.     Plaintiff Collins never consented to receive calls from Defendant.

21.     Despite this, the Plaintiff received telemarketing calls and text messages from the Defendant.

22.     The text messages occurred on December 20 and 27, 2024.

23.     The text messages are below:



9:28

+1 (225) 314-7983

Text Message · SMS
Fri, Dec 20 at 11:40 AM

Hey, this is Jacob. I just called about your expired listing. If you plan to relist, you should check out Falaya. We can give you the same MLS exposure and support for less. Learn how you can sell smarter and save thousands by replying with your email.

--
Listing agents want you to reply OUT to unsubscribe - We'd rather help you sell & save.
- Falaya Real Estate

Fri, Dec 27 at 11:41AM

Hey. I hope your week is going well. If you didn't have a chance to check out Falaya, here are some key reasons why sellers are using us.

- MLS Listings featured on all home search sites

Dedicated team ensuring a

Text Message · SMS



24.     The expired listing that the Defendant was calling about was the Plaintiff's property

in Frisco, TX, in this District.

25.     The Plaintiff also received at least 4 telemarketing calls on December 20, 2024

offering her the same services.

6

26.     Prior to filing this lawsuit, counsel for the Plaintiff wrote to the Defendant.

27.     The Defendant did not deny making telemarketing calls to the Plaintiff.

## CLASS ACTION ALLEGATIONS

28.     Plaintiff brings this action on behalf of herself and the following classes (the "Classes") pursuant to Federal Rule of Civil Procedure 23.

29.     Plaintiff proposes the following Class definition, subject to amendment as appropriate:

> **National Do Not Call Registry Class**: All persons in the United States whose (1) telephone numbers were on the National Do Not Call Registry for at least 31 days, (2) but who received more than one telemarketing call from or on behalf of Defendant, (3) within a 12-month period, (4) at any time in the period that begins four years before the date of filing this Complaint to trial.

30.     Plaintiff is a member of and will fairly and adequately represent and protect the interests of the Classes as she has no interests that conflict with any of the Classes' members.

31.     Excluded from the Classes are counsel, the Defendant, and any entities in which the Defendant has a controlling interest, the Defendant's agents and employees, any judge to whom this action is assigned, and any member of such judge's staff and immediate family.

32.     Plaintiff and all members of the Classes have been harmed by the acts of the Defendant, including, but not limited to, the invasion of their privacy, annoyance, waste of time, the use of their telephone power and network bandwidth, the use of their data plans, and the intrusion on their telephone that occupied it from receiving legitimate communications.

33.     This Class Action Complaint seeks injunctive relief and money damages.

34.     The Classes as defined above are identifiable through the Defendant's dialer records, other phone records, and phone number databases.

35.     Plaintiff does not know the exact number of members in the Classes, but Plaintiff reasonably believes the Classes' members number, at minimum, in the hundreds in each class.

36.     The joinder of all members of the Classes is impracticable due to the size and relatively modest value of each individual claim.

37.     Additionally, the disposition of the claims in a class action will provide substantial benefit to the parties and the Court in avoiding a multiplicity of identical suits.

38.     There are numerous questions of law and fact common to Plaintiff and to the proposed Classes, including but not limited to the following:

(a) whether Defendant made telemarketing calls without first obtaining prior express written consent;

(b) whether Defendant systematically sent made telemarketing calls to telephone numbers registered with the National Do Not Call Registry;

(c) whether Defendant's conduct constitutes a violation of the TCPA; and

(d) whether members of the Classes are entitled to treble damages based on the willfulness of Defendant's conduct.

39.     Further, Plaintiff will fairly and adequately represent and protect the interests of the Classes.  Plaintiff has no interests which are antagonistic to any member of the Classes.

40.     Plaintiff has retained counsel with substantial experience in prosecuting complex litigation and class actions, and especially TCPA class actions.  Plaintiff and her counsel are committed to vigorously prosecuting this action on behalf of the other members of the Classes, and have the financial resources to do so.

41.    Common questions of law and fact predominate over questions affecting only individual class members, and a class action is the superior method for fair and efficient adjudication of the controversy.  The only individual question concerns identification of class members, which will be ascertainable from records maintained by Defendant and/or its agents.

42.    The likelihood that individual members of the Classes will prosecute separate actions is remote due to the time and expense necessary to prosecute an individual case.

## COUNT I
**Telephone Consumer Protection Act**
**Violations of 47 U.S.C. § 227(c)(5) & 47 C.F.R. § 64.1200(c)**
**(On Behalf of Plaintiff and the National Do Not Call Registry Class)**

43.    Plaintiff repeats and incorporates the allegations set forth in paragraphs 1 through 46 as if fully set forth herein.

44.    The foregoing acts and omissions of Defendant constitute numerous and multiple violations of the TCPA, 47 U.S.C. § 227, by making telemarketing calls, except for emergency purposes, to Plaintiff and members of the National Do Not Call Registry Class despite their numbers being on the National Do Not Call Registry.

45.    Defendant's violations were negligent, willful, or knowing.

46.    As a result of Defendant's violations of the TCPA, 47 U.S.C. § 227, Plaintiff and members of the National Do Not Call Registry Class are presumptively entitled to an award of between $500 and $1,500 in damages for each call made.

47.    Plaintiff and the members of the National Do Not Call Registry Class are also entitled to and do seek injunctive relief prohibiting Defendant and/or its affiliates, agents, and/or other persons or entities acting on Defendant's behalf from making telemarketing calls to

telephone numbers registered on the National Do Not Call Registry, except for emergency purposes, in the future.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff, individually and on behalf of the Classes, prays for the following relief:

A.      Injunctive relief prohibiting Defendant from calling telephone numbers advertising their goods or services, except for emergency purposes, to numbers on the National Do Not Call Registry in the future;

B.      That the Court enter a judgment awarding Plaintiff and all class members statutory damages for each violation of the TCPA;

C.      An order certifying this action to be a proper class action pursuant to Federal Rule of Civil Procedure 23, establishing appropriate Classes the Court deems appropriate, finding that Plaintiff is a proper representative of the Classes, and appointing the lawyers and law firms representing Plaintiff as counsel for the Classes; and

D.      Such other relief as the Court deems just and proper.

## JURY DEMAND

Plaintiff requests a jury trial as to all claims of the complaint so triable.

Dated: January 24, 2024

> PLAINTIFF,
> By her attorney
>
> By: *s/Andrew Roman Perrong*
>     Andrew Roman Perrong,
>     a@perronglaw.com
>     Perrong Law LLC
>     2657 Mount Carmel Avenue

Glenside, PA 19038
215-225-5529
Lead Attorney for Plaintiff and the Proposed Class

*s/Anthony Paronich*
Anthony Paronich, Mass. BBO No. 678437
(*Pro Hac Vice* Forthcoming)
anthony@paronichlaw.com
Paronich Law, P.C.
350 Lincoln Street, Suite 2400
Hingham, MA 02043
617-485-0018
Attorney for Plaintiff and the Proposed Class


Attorney for Plaintiffs