UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS

| | |
|---|---|
| DEBORAH ANN COLLINS, individually and on behalf of all others similarly situated,<br>   Plaintiff,<br><br>v.<br><br>FALAYA, LLC,<br>   Defendant. | §<br>§<br>§<br>§<br>§<br>§   C.A. NO. 4:25-cv-00088-SDJ<br>§<br>§<br>§ |

**FALAYA, LLC'S MOTION TO DISMISS AND, IN THE ALTERNATIVE, ORIGINAL ANSWER AND AFFIRMATIVE DEFENSES**

Defendant Falaya, LLC ("Falaya") files this Motion to Dismiss and, in the Alternative, Original Answer and Affirmative Defenses to Plaintiff Deborah Ann Collins' ("Plaintiff") Original Complaint – Class Action (the "Complaint") [Dkt. 1] as follows:

**MOTION TO DISMISS**

Falaya is a Louisiana-based company that helps with the leads, offers, and task management required to buy and sell houses. Falaya is organized under the laws of Louisiana, is a citizen of Louisiana, and has its principal place of business in Louisiana.[1] None of Falaya's officers, members, or directors reside in Texas.[2] Plaintiff's Complaint alleges, without support or detail, that Falaya "is based in this District" and "directed the calls at issue regarding property in this District."[3]

Upon information and belief, Plaintiff is a citizen of Florida, and resides in The Villages, Florida. Upon further information and belief, Plaintiff was residing in Florida,

---

[1] Exhibit A: Affidavit of Barret Blondeau.
[2] Ex. A.
[3] Dkt. 1, ¶¶ 7-8.

not Texas, at the time she received the alleged telephone calls and/or text messages made basis for this lawsuit. Plaintiff's Complaint is silent as to her residency or her location when the calls and/or texts were received.

Plaintiff brought this lawsuit pursuant to the Telephone Consumer Protection Act, 47 U.S.C. § 1227 *et seq.* ("TCPA"). Generally, Plaintiff alleges that she was a participant in the National Do Not Call Registry and subsequently "received telemarketing calls and text messages" from Falaya.[4] While not strictly relevant, the subject of the purported calls and/or text messages related to real property located in Frisco, Texas.[5]

In a civil action, venue is proper in: (a) the judicial district in which any defendant resides, if all defendants are residents of the state in which the district is located; (b) a juridical district in which a substantial part of the events or omissions giving rise to the claims occurred; or (c) if there is no district in which an action may otherwise be brought, any judicial district in which any defendant is subject to the courts' personal jurisdiction.[6]

"Events that have only a tangential connection with the dispute at bar are not sufficient to lay venue."[7] Under the TCPA, venue is proper in the district where the alleged phone call was received because this is the location where the plaintiff was harmed.[8]

---

[4] Dkt. 1, ¶¶ 17-22.
[5] Dkt. 1, ¶ 24.
[6] 28 U.S.C. § 1391(b).
[7] *Seariver Mar. Fin. Holdings, Inc. v. Pena*, 952 F. Supp. 455, 460 (S.D. Tex 1996).
[8] *Fitzhenry v. Guardian Prot. Servs., Inc.*, 2016 WL 6652760, at *1 (W.D. PA. Nov. 9, 2016) ("District courts find proper venue where the alleged injury occurred which, in a TCPA action, is where the telephone call was received"); *Sapan v. Dynamic Network Factory, Inc.*, 2013 WL 12094829, at *3 (S.D. Cal. Nov. 25, 2013) ("[V]enue is proper in the district where [plaintiff] resides because the injury . . . occur[red] when the [phone call] was received") (internal quotations omitted); *Brown v. Account Control Tech., Inc.*, 2014 WL 11706429, at *3 (S.D. Fla. Mar. 28, 2014) (finding venue proper where the plaintiff received the telephone call); *Lary v. Doctors Answer, LLC*, 2013 WL 987879, at *5 (N.D. Ala. Mar. 8, 2013) (holding that in a TCPA case, "venue is proper in the district where [plaintiff] resides").

In the instant case, upon information and belief, Plaintiff received the alleged telephone calls and/or text messages while in The Villages, Florida. Hence, any harm suffered by Plaintiff as a result of Falaya's alleged violation of the TCPA, which is strictly denied, occurred in the Middle District of Florida, not the Eastern District of Texas. For purposes of venue, it is immaterial that the subject of the alleged calls and/or text messages related to real property located in the Eastern District of Texas; that is not where Plaintiff resides, not where she received the alleged calls and/or text messages, and therefore is not where the alleged harm occurred.

Because Plaintiff is believed to reside in the Middle District of Florida, and because that is where it is believed the alleged harm—if any—occurred resulting from Falaya's violation of the TCPA, venue is improper in the Eastern District of Texas, and the Court should dismiss this case pursuant to Federal Rule of Civil Procedure 12(b)(3). Once a defendant raises a Rule 12(b)(3) motion challenging venue, "the burden of sustaining venue lies with the plaintiff."[9] In resolving a motion under Rule 12(b)(3), the Court may consider evidence brought beyond the complaint, including affidavits of the parties.[10]

## ORIGINAL ANSWER AND AFFIRMATIVE DEFENSES

Alternatively, subject to and without waiver of the foregoing, Falaya denies, generally and specifically, any and all allegations in the Complaint not specifically admitted in the paragraph below. Falaya further states that its investigation of the present matter is ongoing. Accordingly, Falaya reserves the right to amend this Answer.

---

[9] *Norsworthy v. Mystik Transp., Inc.*, 430 F. Supp. 2d 631, 633 (E.D. Tex. 2006).
[10] *Ambraco, Inc. v. Bossclip B.V.*, 570 F.3d 233, 238 (5th Cir. 2009); *LeBlanc v. C.R. England, Inc.*, 961 F. Supp. 2d 819, 834 n.1 (N.D. Tex. 2013).

In response to the numbered paragraphs in the Complaint, Falaya states as follows:

1. The allegations contained in Paragraph 1 state legal conclusions to which no response is required. To the extent a response is required, those allegations are denied.

2. Falaya admits Plaintiff purports to bring this action under the Telephone Consumer Protection Act, 47 U.S.C. § 227 *et seq.* ("TCPA"). The remaining allegations in Paragraph 2 state legal conclusions to which no response is required. To the extent a response is required, those allegations are denied.

3. The allegations contained in Paragraph 3 are denied.

4. Falaya cannot admit or deny the allegations in Paragraph 4 because it lacks sufficient knowledge or information to form a belief about the truth or falsity of the allegations. To the extent a response is required, those allegations are denied.

5. Falaya admits that it is a limited liability company and holds an active Texas Real Estate License in the State of Texas.

6. The allegations contained in Paragraph 6 state legal conclusions to which no response is required. To the extent a response is required, those allegations are denied.

7. The allegations contained in Paragraph 7 are denied, with Falaya specifically denying that it is "based" in Texas.

8. The allegations contained in Paragraph 8 are denied, and Falaya objects to venue in this District.

9. As written, Paragraph 9 requires no answer from Falaya. To the extent that an answer is required, Falaya denies the allegations in Paragraph 9.

10. As written, Paragraph 10 requires no answer from Falaya. To the extent that an answer is required, Falaya denies the allegations in Paragraph 10.

11. As written, Paragraph 11 requires no answer from Falaya. To the extent that an answer is required, Falaya denies the allegations in Paragraph 11.

12. As written, Paragraph 12 requires no answer from Falaya. To the extent that an answer is required, Falaya denies the allegations in Paragraph 12.

13. As written, Paragraph 13 requires no answer from Falaya. To the extent that an answer is required, Falaya denies the allegations in Paragraph 13.

14. The allegations contained in Paragraph 14 state legal conclusions to which no response is required. To the extent a response is required, those allegations are denied for lack of information and belief.

15. The allegations in Paragraph 15 are admitted.

16. The allegations in Paragraph 16 are denied.

17. Falaya cannot admit or deny the allegations in Paragraph 17 because it lacks sufficient knowledge or information to form a belief about the truth or falsity of the allegations. To the extent a response is required, those allegations are denied.

18. Falaya cannot admit or deny the allegations in Paragraph 18 because it lacks sufficient knowledge or information to form a belief about the truth or falsity of the allegations. To the extent a response is required, those allegations are denied.

19. Falaya cannot admit or deny the allegations in Paragraph 19 because it lacks sufficient knowledge or information to form a belief about the truth or falsity of the allegations. To the extent a response is required, those allegations are denied.

20. The allegations in Paragraph 20 are denied.

21. The allegations in Paragraph 21 are denied except to admit that Falaya contacted Plaintiff in connection with its services.

22. Falaya admits the text messages in paragraph 23 were sent on December 20 and 27, 2024. Falaya denies the remainder of the allegations in Paragraph 20.

23. Falaya cannot admit or deny the allegations in Paragraph 23 because it lacks sufficient knowledge or information to form a belief about the truth or falsity of the allegations. To the extent a response is required, those allegations are denied.

24. Falaya cannot admit or deny the allegations in Paragraph 24 because it lacks sufficient knowledge or information to form a belief about the truth or falsity of the allegations. To the extent a response is required, those allegations are denied.

25. Falaya cannot admit or deny the allegations in Paragraph 25 because it lacks sufficient knowledge or information to form a belief about the truth or falsity of the allegations. To the extent a response is required, those allegations are denied.

26. The allegations in Paragraph 26 are admitted.

27. The allegations in Paragraph 27 are denied.

28. Falaya admits Plaintiff purports to bring this action pursuant to Federal Rule of Civil Procedure 23. The remaining allegations in Paragraph 28 state legal conclusions to which no response is required. To the extent a response is required, those allegations are denied and Falaya specifically denies that Plaintiff could satisfy the requirements of Federal Rule of Civil Procedure 23.

29. As written, Paragraph 29 contains no allegations relating to Falaya and does not require a response. To the extent a response is required, those allegations are denied and Falaya specifically denies that Plaintiff could satisfy the requirements of Federal Rule of Civil Procedure 23.

30. As written, Paragraph 30 contains no allegations relating to Falaya and does not require a response. To the extent a response is required, those allegations are denied and Falaya specifically denies that Plaintiff could satisfy the requirements of Federal Rule of Civil Procedure 23.

31. As written, Paragraph 31 contains no allegations relating to Falaya and does not require a response. To the extent a response is required, those allegations are denied and Falaya specifically denies that any class could ever be certified or that Plaintiff could satisfy the requirements of Federal Rule of Civil Procedure 23.

32. The allegations contained in Paragraph 32 are denied.

33. Falaya admits that Plaintiff seeks injunctive relief and monetary damages. However, Falays denies that Plaintiff and/or the purported class members are entitled to the relief described in Paragraph 33.

34. The allegations in Paragraph 34 are denied.

35. As written, Paragraph 35 contains no allegations relating to Falaya and does not require a response. To the extent a response is required, those allegations are denied.

36. As written, Paragraph 36 contains no allegations relating to Falaya and does not require a response. To the extent a response is required, those allegations are denied.

37. The allegations in Paragraph 37 are denied.

38. The allegations in Paragraph 38 are denied.

39. The allegations in Paragraph 39 are denied.

40. Falaya cannot admit or deny the allegations in Paragraph 40 because it lacks sufficient knowledge or information to form a belief about the truth or falsity of the allegations. To the extent a response is required, those allegations are denied.

41. The allegations in Paragraph 41 are denied.

42. Falaya cannot admit or deny the allegations in Paragraph 42 because it lacks sufficient knowledge or information to form a belief about the truth or falsity of the allegations. To the extent a response is required, those allegations are denied.

43. As written, Paragraph 43 does not require a response from Falaya.

44. The allegations in Paragraph 44 are denied.

45. The allegations in Paragraph 45 are denied.

46. The allegations in Paragraph 46 are denied. Specifically, Falaya denies that Plaintiff and/or purported class members are entitled to the relief described in Paragraph 46.

47. The allegations in Paragraph 47 are denied. Specifically, Falaya denies that Plaintiff and/or purported class members are entitled to the relief described in Paragraph 47.

Falaya denies that Plaintiff and/or purported class members are entitled to the relief requested in the unnumbered Prayer for Relief on page 10 of the Complaint.

## AFFIRMATIVE AND OTHER DEFENSES

Falaya hereby sets forth the following affirmative defenses to the Complaint:

## FIRST AFFIRMATIVE DEFENSE

The Complaint fails to set forth facts sufficient to state a claim upon which relief may be granted against Falaya and fails to state facts sufficient to entitle Plaintiff or the putative class members to the relief sought.

## SECOND AFFIRMATIVE DEFENSE

Plaintiff and the putative class members' claims fail to the extent that, at all relevant times, Falaya acted in good faith and complied fully with the TCPA.

## THIRD AFFIRMATIVE DEFENSE

Plaintiff and the putative class members' claims fail to the extent that the purported damages, if any, were the direct and proximate result of the conduct of Plaintiff, the putative class members, and/or other third parties not subject to Falaya's control.

## FOURTH AFFIRMATIVE DEFENSE

Plaintiff and the putative class members' claims are barred, in whole or in part, to the extent Plaintiff failed to their alleged damages, if any.

## FIFTH AFFIRMATIVE DEFENSE

Any recovery Plaintiff or the putative class members receive is subject to a set off if any damages are awarded against Falaya, in the amount of any damages or settlement amounts recovered by Plaintiff and the putative class members with respect to the same alleged damages. Falaya is also entitled to have any damages that may be awarded to Plaintiff or the putative class members reduced by the value of any benefit or payment to them from any collateral source.

**SIXTH AFFIRMATIVE DEFENSE**

Plaintiff and the cannot recover from Falaya individually for statutory damages on the grounds that any award of statutory damages would be impermissible under the Due Process Clause of the Fourteenth Amendments to the United States Constitution, the Excessive Fines Clause of the Eighth Amendment to the United States Constitution, and the Constitution of the State of Texas due to the lack of any actual damages suffered by Plaintiff and the gross disparity between the allegations of harm and the size of the claim. Stating further, any award of statutory damages would violate the constitutional standards enunciated in cases such as *BMW of N. Am., Inc. v. Gore*, 517 U.S. 559 (1996), and *State Farm Mut. Auto. Ins. Co. v. Campbell*, 538 U.S. 408 (2003).

**SEVENTH AFFIRMATIVE DEFENSE**

The Complaint, in whole or in part, fails to state a claim upon which relief can be granted against Falaya because the telephone system used to allegedly contact Plaintiff does not constitute an automatic telephone dialing system ("ATDS") under the TCPA.

**EIGHTH AFFIRMATIVE DEFENSE**

Plaintiff's claims are barred, in whole or in part, to the extent that Plaintiff consented to the alleged telephone calls within the meaning of the TCPA.

**NINTH AFFIRMATIVE DEFENSE**

Plaintiff's claims are barred, in whole or in part, to the extent that Plaintiff consented to the alleged telephone calls within the meaning of the TCPA.

## RESERVATION OF RIGHT TO AMEND

Falaya reserves the right to assert additional affirmative defenses at such time and to such an extent warranted by discovery and the factual developments in this case.

## CONCLUSION

Defendant Falaya, LLC prays that Plaintiff Deborah Ann Collins' claims against Falaya be dismissed with prejudice and judgment entered in Falaya's favor, and for all other and further relief to which Falaya may be justly entitled.

Respectfully submitted,

**PHELPS DUNBAR LLP**

BY: */s/ Brandon A. O'Quinn*
Brandon A. O'Quinn
Texas Bar No.: 24092914
910 Louisiana Street, Suite 4300
Houston, Texas 77002
Telephone: 713-626-1386
Facsimile: 713-626-1388
brandon.oquinn@phelps.com

**ATTORNEY FOR DEFENDANT FALAYA, LLC**

### Certificate of Service

I certify that on this 3rd day of April, 2025, a true and correct copy of the foregoing was filed electronically via the Court's CM/ECF system, which will send a notice of electronic filing to all counsel of record in this proceeding.

*/s/ Brandon A. O'Quinn*
Brandon A. O'Quinn