# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS

| | |
|---|---|
| DEBORAH ANN COLLINS, individually and on behalf of all others similarly situated, | : <br> : CIVIL ACTION FILE NO. <br> : <br> : 4:25-cv-88 |
| Plaintiff, | : <br> : **COMPLAINT – CLASS ACTION** |
| v. | : <br> : |
| FALAYA, LLC | : **JURY TRIAL DEMANDED** |
| Defendant. | : <br> : |

**Plaintiff's Response in Opposition To Defendant
Falaya, LLC's Motion to Dismiss**

## I.   INTRODUCTION

Defendant Falaya, LLC's (Falaya or Defendant)'s motion to dismiss must fail because the Plaintiff has pled sufficient facts to demonstrate that proper venue lies in Texas against Falaya. Even though Plaintiff resides in the Middle District of Florida, and the Defendant concedes that venue is proper there, and that the case should be transferred there in the absence of proper venue in Texas, the Defendant's motion ignores the *very purpose* of the text messages it sent, which were sent to solicit the Plaintiff to *list a property* in Frisco, Texas. Indeed, had the Plaintiff filed in some other jurisdiction, such as Colorado, where her phone number's area code is physically from, the Defendant would inevitably have cried foul. Because the claims at issue here arise out of Defendant's attempts to solicit the Plaintiff to *list her Frisco property* with them, Defendant is subject to proper venue in Texas, and the venue rules are satisfied.

## II.   LEGAL STANDARD

The standard for a motion to dismiss under Rule 12(b)(3) is well-established before this Court. "The structure of the federal venue provisions confirms that they alone define whether venue exists in a given forum. In particular, the venue statutes reflect Congress' intent that venue should always lie in some federal court whenever federal courts have personal jurisdiction over the defendant." *Atl. Marine Const. Co. v. U.S. Dist. Ct. for W. Dist. of Texas*, 571 U.S. 49, 56 (2013). Venue is proper so long as one of the three "requirements of [28 U.S.C.] § 1391(b) are met." *Id.* The Fifth Circuit has not ruled on which party bears the burden on a Rule 12(b)(3) motion, but "most district courts within this circuit have imposed the burden of proving that venue is proper on the plaintiff once a defendant has objected to the plaintiff's chosen forum." *Suter v. United States*, No. 3:18-CV-2693-B-BT, 2020 WL 874812, at *2 (N.D. Tex. Jan. 28, 2020). When deciding a Rule 12(b)(3) motion, the court must accept as true all allegations in the complaint and resolve all conflicts in favor of the plaintiff. *Braspetro Oil Servs. Co. v. Modec*

1

*(USA), Inc.*, 240 F. App'x 612, 615 (5th Cir. 2007). The court may consider evidence in the record beyond the facts alleged in the complaint and its proper attachments and may also order venue based discovery to ascertain whether venue is truly improper, and district courts retain broad discretion to grant such requests, particularly when, as here, the Plaintiff presents a nonfrivolous basis for venue. *Delta Elecs., Inc. v. Vicor Corp.*, 724 F. Supp. 3d 645, 656 (W.D. Tex. 2024). If venue is held to be improper, the proper remedy is to transfer the case under [28 U.S.C.] § 1406(a) or dismiss the case if venue is wholly improper before any federal court. *Atl. Marine*, 571 U.S. at 56.

### III.    ARGUMENT

A.    *Venue is proper in the Eastern District of Texas.*

The provisions of 28 U.S.C. § 1391(b) outline three places where venue is proper, in order of preference. First, venue is proper in "a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located." 28 U.S.C. § 1391(b)(1). That provision is out, since the Defendant does not reside, for venue purposes, in Texas. Next, venue is proper in "a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, *or a substantial part of property that is the subject of the action is situated*." 28 U.S.C. § 1391(b)(2) (emphasis added). That is the provision under which venue is proper here, and which the Plaintiff pleads in her complaint at Paragraph 8, although Plaintiff acknowledges a typo in the statutory citation which omitted subsection (2).

Here, the subject text messages reference an "expired listing" on the MLS. That "expired listing" refers to the Plaintiff's managed property that she had listed with a Realtor in Frisco, Texas, which lies within this District, as confirmed through the Plaintiff's venue-based affidavit. *See* Exhibit 1. The Plaintiff pleads as much in her Complaint. (Compl. ¶ 23, 25). That being the

case, venue is proper here, as the Defendant sent its text messages to solicit the Plaintiff to *list the Frisco, Texas property*, which is clearly situated in this District, with the Defendant.

Courts in the Fifth Circuit have consistently held that, when a property forms the basis of a cause of action, as here, which arises out of illegal unsolicited marketing made in an effort to sell said property, venue is proper where that property is situated, even when other events giving rise occurred in other venues. "[N]o additional evidence or arguments by Defendant has persuaded the Court regarding the location of the Disputed Property. As such, the Court finds that the Disputed Property is located in Texas. More specifically, because the Disputed Property is located in Red River County, venue is proper in the Eastern District of Texas." *W. C. Chapman, L.P. v. Cavazos*, No. 4:21-CV-00893, 2022 WL 2252593, at *2 (E.D. Tex. June 22, 2022) (cleaned up); *Kopin v. Wells Fargo Bank, N.A.*, No. 3-11-CV-1698-O, 2011 WL 13130489, at *4 (N.D. Tex. Nov. 14, 2011) (transferring case in a mortgage dispute when the property was situated in the Eastern District of Texas but plaintiffs entered into contract in the Northern District, where the court held venue was improper); *McCall v. New Am. Funding*, No. 3:21-CV-00429-S-BT, 2022 WL 585343, at *3 (N.D. Tex. Feb. 1, 2022) (dismissing RESPA consumer protection case when the property subject of the action was located in Virginia).

This presumption is bolstered by the equally strong common law presumption of *lex loci rei sitæ*, that the courts embracing the locus of a property subject to dispute are generally held to have the greatest, and sometimes only, interest in adjudicating claims relating to that property, even if such claims do not involve the property itself. *See Fall v. Eastin*, 215 U.S. 1, 8 (1909). That being the case here, with the Plaintiff's well pled allegations and affidavit in support of venue here, Defendant's attempts to transfer this action to the Middle District of Florida are quite peculiar, as through the Plaintiff was unquestionably harmed in Florida, the "substantial part" of

3

the events giving rise to the claim occurred because the *property that is the subject of the text message solicitations themselves* is located in the Eastern District of Texas. As at least one court has remarked in rejecting venue as proper where the Plaintiff resided, "All or substantially all of the events or omissions giving rise to Plaintiff's claims occurred in Florida. The Property is located in Florida. The only conceivable connection between this case and the Southern District of Texas is that Plaintiff apparently now lives within the District. That fact, however, is not enough to establish proper venue." *Sedra v. Bank of New Mellon Corp.*, No. 4:19-CV-285, 2019 WL 13251084, at *3 (S.D. Tex. Nov. 12, 2019). Moreover, "[F]or venue purposes, it is sufficient that a *substantial* part of the events occurred in this district, even if a *greater* part of the events occurred elsewhere." *Burkitt v. Flawless Recs., Inc.*, No. CIV. A. 03-2483, 2005 WL 6225822, at *6 (E.D. La. June 13, 2005). Though some events may have occurred in Florida, a "substantial" part of the events occurred in this District, as the property that was the subject of the solicitations was situated in this District and venue in this District would unquestionably be proper if, for example, the Plaintiff had a breach of contract claim against the Defendant arising out of its provision of real estate services for the property it would have sold here.

Although the Plaintiff respectfully submits that on such a factual record, the Plaintiff has met her burden of demonstrating that venue is proper here because the property that is the subject of the instant solicitations complained of is located here, in the alternative, the Court should grant leave to conduct venue-based discovery or simply transfer this matter to the Middle District of Florida where the Defendant concedes venue is proper.

### IV.    CONCLUSION

This Court should deny Defendant's motion to dismiss. Alternatively, to the extent that the Court finds that venue is an issue, it should order venue-based discovery or transfer the

4

matter to the United States District Court for the Middle District of Florida, where Defendant has conceded venue would be proper.

RESPECTFULLY SUBMITTED AND DATED this April 16, 2025.

>*/s/ Andrew Roman Perrong*
>Andrew Roman Perrong, Esq.
>Perrong Law LLC
>2657 Mount Carmel Avenue
>Glenside, Pennsylvania 19038
>Phone: 215-225-5529 (CALL-LAW)
>Facsimile: 888-329-0305
>a@perronglaw.com

## **CERTIFICATE OF SERVICE**

I certify that I filed the foregoing via ECF on the below date.

Dated: April 16, 2025

>*/s/ Andrew Roman Perrong*
>Andrew Roman Perrong, Esq.
>Perrong Law LLC
>2657 Mount Carmel Avenue
>Glenside, Pennsylvania 19038
>Phone: 215-225-5529 (CALL-LAW)
>Facsimile: 888-329-0305
>a@perronglaw.com