UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS

| | |
|---|---|
| DEBORAH ANN COLLINS, individually and on behalf of all others similarly situated,<br>    Plaintiff,<br><br>v.<br><br>FALAYA, LLC,<br>    Defendant. | §<br>§<br>§<br>§<br>§<br>§ C.A. NO. 4:25-cv-00088-SDJ<br>§<br>§<br>§ |

### FALAYA, LLC'S REPLY IN SUPPORT OF MOTION TO DISMISS

Defendant Falaya, LLC ("Falaya") files this Reply in Support of its Motion to Dismiss and, In the Alternative, Original Answer and Affirmative Defenses[1] (the "Motion to Dismiss") and in support thereof shows as follows:

### INTRODUCTION

Plaintiff's opposition to the Motion to Dismiss is curious. As an admitted resident of the Middle District of Florida who is suing a Louisiana-based company, it is unusual that Plaintiff would prefer to litigate her claim more than 1,000 miles away from home, potentially travelling across multiple states to attend depositions, hearings, and trial. Nonetheless, that is Plaintiff's stated position.

Unfortunately for Plaintiff, she has failed to develop any facts or arguments demonstrating that venue is proper in the Eastern District of Texas. Plaintiff's Response in Opposition to the Motion to Dismiss[2] (the "Response") incorrectly focuses on the subject matter of the alleged text messages made basis for Plaintiff's claims brought pursuant to

---
[1] Dkt. 8.
[2] Dkt. 9.

the Telephone Consumer Protection Act, 47 U.S.C. § 1227 *et seq.* (the "TCPA"). Such analysis is misplaced and incorrect because the sole focus for venue in TCPA cases is where the communication was received; the subject matter of the communication is entirely irrelevant for purposes of determining venue.

Having failed to meet her burden to establish proper venue in the Eastern District of Texas, the Court should dismiss Plaintiff's claims, or, in the alternative, transfer this case to the Middle District of Florida.

## **ARGUMENT**

"Once a defendant raises the issue of proper venue by motion, the burden of proof is placed upon the plaintiff to sustain venue."[3] District courts find proper venue where a defendant resides or where the alleged injury occurred, which, in a TCPA action, is where the telephone call or text message was received.[4] Courts within the Fifth Circuit have recognized that the proper venue for TCPA cases is where the purported communications were received, regardless of the content of the message.[5] Plaintiff has not articulated, and Falaya has not identified, any applicable exception to this standard requiring that, where

---

[3] *Bigham v. Envirocare of Utah, Inc.*, 123 F. Supp. 2d 1046, 1047-48 (S.D. Tex. 2000); *see also Saxton v. Faust*, 2010 WL 3446921, at *2 (N.D. Tex. Aug. 31, 2010); *Norsworthy v. Mystik Transp., Inc.*, 430 F. Supp. 2d 631, 633 (E.D. Tex. 2006).
[4] *Fitzhenry v. Guardian Prot. Servs., Inc.*, 2016 WL 6652760, at *1 (W.D. Pa. Nov. 9, 2006); *see also Sapan v. Dynamic Network Factory, Inc.*, No. 13-1966, 2013 WL 12094829, at *3 (S.D. Cal. Nov. 25 2013) ("'[V]enue is proper in the district where [plaintiff] resides because the injury did not occur' when the phone call was allegedly *made* from the Northern District; it occurred when 'the [phone call] was *received*' in the Southern District." (emphasis in original)); *Brown v. Account Control Tech., Inc.*, No. 13-62765, 2014 WL 11706429, at *3 (S.D. Fla. Mar. 28, 2014) (finding venue was proper where the plaintiff received the telephone call); *Lary v. Doctors Answer, LLC,* No. 12-3510, 2013 WL 987879, at *5 (N.D. Ala. Mar. 8, 2013) ("'[V]enue is proper in the district where [plaintiff] resides because the injury did not occur' when the facsimile was *sent* from New Jersey; it occurred when 'the [facsimile] was *received*" in Alabama." (emphasis in original)).
[5] *See, e.g., Horton v. PivotHealth Holdings, LLC*, No. 3:22-cv-2915-G-BN, 2023 WL 8439146, at *5 (N.D. Tex. Nov. 16, 2023), report and recommendation adopted, No. 3:22-cv-2915-G-BN, 2023 WL 8437058 (N.D. Tex. Dec. 5, 2023); *Murgerson v. Procollect Inc.*, No. 3:21-cv-948-M-BN, 2021 WL 3027336, at *2 (N.D. Tex., May 4, 2021).

the communication made basis for the TCPA claim references real property, such claims must be brought in the venue where the real property lies rather than where the communication was received. Regardless, the subject communication did not concern real property in Texas, it concerned the provision of services by a business based in Louisiana.

Plaintiff has not proffered any facts or valid arguments that venue is appropriate in the Eastern District of Texas. Plaintiff states—without authority—that "when a property forms the basis of a cause of action, as here, which arises out of illegal unsolicited marketing made in an effort to sell said property, venue is proper where that property is situated[.]"[6] This unsupported argument fails for an obvious reason: the basis for Plaintiff's cause of action is the receipt of allegedly unsolicited communications in violation of the TCPA, not any dispute related to real property.

Plaintiff does not cite any case law standing for the purported proposition that the subject of a communication rather than receipt of that communication controls venue in a TCPA case. In fact, Plaintiff's Response fails to cite any case law discussing and/or applying TCPA for purposes of venue determination. Instead, Plaintiff cites federal case law discussing real property disputes not analogous or relevant to the facts of this case. For example, Plaintiff quotes *W.C. Chapman, L.P. v. Cavazos*, which held that, in a dispute over ownership of approximately twenty acres of land located along the Texas-Oklahoma border, venue was proper in Texas after a determination was made that the property was located in Texas.[7] Similarly, Plaintiff cites to cases involving property foreclosure,[8]

---

[6] Dkt. 9, p. 3.
[7] *W.C. Chapman, L.P. v. Cavazos*, No. 4:21-cv-00893, 2022 WL 2252593, at *1 (E.D. Tex. June 22, 2022).
[8] *Kopin v. Wells Fargo Bank, N.A.*, No. 3-11-cv-1698-O, 2011 WL 13130489 (N.D. Tex. Nov. 14, 2011).

mortgage liens,[9] and application of the Full Faith and Credit Clause of the U.S. Constitution in real property title disputes.[10] Each of these cases have two things in common: (1) the subject matter of the litigation was directly related to the disputed ownership of real property; and (2) the TCPA was not involved. Accordingly, none of these cases are instructive for the Court's determination of whether the Eastern District of Texas is the proper venue for Plaintiff's TCPA claim.

The fact that the alleged communications received by Plaintiff in Florida tangentially related to property she owned in Texas is immaterial to Plaintiff's underlying claims. The basis for Plaintiff's claim would remain unchanged regardless of the subject matter of the communication. Stated differently, Plaintiff's complaint—if any—is that she received unsolicited communications in violation of the TCPA; the subject matter of those communications does not affect or alter the harm complained of (*i.e.* receipt of the communications).

Plaintiff does not cite any case law providing that venue for TCPA claims is proper in the district where real property is located when such real property is the subject of the underlying communication, regardless of where such communication was received. In the absence of such a narrow carveout, the Court should follow established precedent and find venue for Plaintiff's TCPA claims is proper where the alleged text messages were received.[11]

---

[9] *McCall v. New Am. Funding,* No. 3:21-cv-00429-S-BTm 2022 WL 585343 (N.D. Tex. Feb. 1, 2022).
[10] *Fall v. Eastin*, 215 U.S. 1.
[11] *See Fitzhenry*, 2016 WL 6652760, at *1; *Sapan*, 2013 WL 12094829, at *3; *Brown*, 2014 WL 11706429, at *3; *Lary*, 2013 WL 987879, at *5.

It is undisputed Plaintiff resides in the Middle District of Florida. Similarly, Plaintiff does not dispute that she received the alleged text messages made basis for this lawsuit while she was in the Middle District of Florida. Thus, any harm Plaintiff suffered as a result of Falaya's alleged violation of the TCPA (which is denied) occurred in the Middle District of Florida, not the Eastern District of Texas. There is no material connection between the allegations asserted and the Eastern District of Texas; Plaintiff's ownership of property within this district is, at most, tangential to the alleged acts or omissions that gave rise to the lawsuit. "Events that have only a tangential connection with the dispute at bar are not sufficient to lay venue."[12]

The proper venue, if any, for this action is in the Middle District of Louisiana, where Defendant is headquartered and does business, or the Middle District of Florida, where Plaintiff resides and received the alleged communications. Should the Court decline to dismiss Plaintiff's claims against Falaya, private and public interest factors warrant transfer to the Middle District of Louisiana or, alternatively, the Middle District of Florida.[13]

## CONCLUSION

Defendant Falaya, LLC prays that Plaintiff Deborah Ann Collins' claims against Falaya be dismissed with prejudice and judgment entered in Falaya's favor, or, in the alternative, that this case be transferred to the Middle District of Louisiana or the Middle District of Florida.

---

[12] *Seariver Mar. Fin. Holdings, Inc. v. Pena*, 952 F. Supp. 455, 460 (S.D. Tex. 1996).
[13] *In re Volkswagen of Am., Inc.*, 545 F.3d 304, 315 (5th Cir. 2008).

PD.49194302.2

Respectfully submitted,

**PHELPS DUNBAR LLP**

BY: */s/ Brandon A. O'Quinn*
Brandon A. O'Quinn
Texas Bar No.: 24092914
910 Louisiana Street, Suite 4300
Houston, Texas 77002
Telephone: 713-626-1386
Facsimile: 713-626-1388
brandon.oquinn@phelps.com

**ATTORNEY FOR DEFENDANT FALAYA, LLC**

**Certificate of Service**

I certify that on this 23rd day of April, 2025, a true and correct copy of the foregoing was filed electronically via the Court's CM/ECF system, which will send a notice of electronic filing to all counsel of record in this proceeding.

*/s/ Brandon A. O'Quinn*
Brandon A. O'Quinn