UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS

| | |
|---|---|
| DEBORAH ANN COLLINS, individually § <br> and on behalf of all others similarly § <br> situated, § <br>     Plaintiff, § <br> § <br> v. § <br> § <br> FALAYA, LLC, § <br>     Defendant. § | C.A. NO. 4:25-cv-00088-SDJ |

## JOINT MOTION FOR CONTINUANCE OF DEADLINES

Plaintiff, Deborah Ann Collins, and defendant Falaya, LLC, jointly move the Court to continue the deadlines set in the Court's August 22, 2025, Order Governing Proceedings by 30 days to facilitate mediation and to accommodate counsel for Falaya, who may be unavailable for the Rule 16 Conference set for October 29, 2025, due to the expected birth of his child. In support of this motion, the parties state as follows:

## BACKGROUND

The Court entered an Order Governing Proceedings on August 22, 2025 [Dkt. No. 11], which requires the parties to submit a Rule 26 meeting report no later than September 26, 2025, and to attend a Rule 16 conference on October 29, 2025. The parties have been actively working to advance this case while Defendant's motion to dismiss is pending. Defendant has provided informal discovery to counsel for Plaintiff, and the parties have agreed to attempt mediation on October 8.

The parties would like to extend the deadlines set in the Court's Order Governing Proceedings to facilitate mediation and because lead counsel for Falaya may be unavailable on October 29, 2025, due to the anticipated birth of a child in October.

## ARGUMENT

Federal Rule of Civil Procedure 16(b)(4) permits the Court to modify scheduling orders for good cause. "The good cause standard requires the 'party seeking relief to show that the deadlines cannot reasonably be met despite the diligence of the party needing the extension.'" *Southwestern Bell Tele. C. v. City of El Paso*, 346 F. 3d 541, 546 (5th Cir. 2003).

Generally, in determining whether a movant has met its burden under Federal Rule of Civil Procedure 16(b)(4), courts consider the following factors:

(1) the party's explanation;

(2) the importance of the requested relief;

(3) potential prejudice in granting the relief; and

(4) the availability of a continuance to cure such prejudice.

*Cartier v. Egana of Switzerland (Am.) Corp.*, No. 3:08-CV-0001-D, 2009 WL 614820, at *3 (N.D. Tex. Mar. 11, 2009) (citing *S&W Enters., LLC v. SouthTrust Bank of Ala., N.A.*, 315 F.3d 533, 535 (5th Cir 2003)).

These factors weigh in favor of a continuance and modifying the Order Governing Proceedings under the current circumstances. The requested continuance will allow the parties to devote their efforts to their October 8, 2025, mediation, which could obviate the deadlines in the Order Governing Proceedings. The continuance will also address an

PD.53488458.1

unavoidable conflict for counsel for Defendant. Further, because both parties agree that these deadlines should be extended, there is no prejudice to either party in granting this relief.

This continuance request is not attributable to the parties' undue delay, but is the result of the parties' participation in resolution efforts to date while also pursuing informal discovery. This request for a modified scheduling order is not made for purposes of delay. It is the parties' first request for a continuance, and it is limited to 30 days.

Accordingly, pursuant to Federal Rule of Civil Procedure 16(b)(4) and upon demonstrating good cause, the parties jointly request a 30-day continuance of the deadlines in the Court's Order Governing Proceedings.

## **CONCLUSION**

WHEREFORE, the parties jointly request that the Court grant the relief sought in this Motion by continuing the deadlines in the Order Governing Proceedings by 30 days. The proposed extension aims to facilitate settlement discussions, to accommodate a conflict with counsel's schedule, and to promote the timely resolution of this case.

    Respectfully submitted,

    **PHELPS DUNBAR LLP**

    BY:   */s/ Brandon A. O'Quinn*
            Brandon A. O'Quinn
            Texas Bar No.: 24092914
            910 Louisiana Street, Suite 4300
            Houston, Texas 77002
            Telephone: 713-626-1386
            Facsimile: 713-626-1388
            brandon.oquinn@phelps.com

**ATTORNEY FOR DEFENDANT FALAYA, LLC**

And

**PARONICH LAW, P.C.**

BY:    */s/ Anthony Paronich (by permission)*
         Anthony Paronich
         350 Lincoln Street, Suite 2400
         Hingham, MA 02043
         Telephone: 617-485-0018
         Facsimile: 508-318-8100
         anthony@paronichlaw.com

**ATTORNEY FOR PLAINTIFF DEBORAH ANN COLLINS**

## Certificate of Service

I certify that on this 18th day of September, 2025, a true and correct copy of the foregoing was filed electronically via the Court's CM/ECF system, which will send a notice of electronic filing to all counsel of record in this proceeding.

*/s/ Brandon A. O'Quinn*
Brandon A. O'Quinn